**SO ORDERED.**

**SIGNED this 21 day of December, 2012.**

**J. Rich Leonard**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:

THEODORE EDWIN WILBANKS AND          CASE NO. 12-02785-8-JRL
GLORIA KAYE WILBANKS,

                                     CHAPTER 13

     DEBTORS.

---

### ORDER

This matter came before the court on the debtors' motion to quash the Fed. R. Bank. P. 2004 examination by KS Bank, Inc. ("KS Bank"), to which KS Bank has objected.[1] A hearing was held on December 5, 2012, in Raleigh, North Carolina.

Theodore Edwin Wilbanks ("male debtor") and Gloria Kaye Wilbanks ("female debtor") (collectively "debtors") filed a joint voluntary petition for relief under chapter 13 of the Bankruptcy Code on April 10, 2012. The debtors filed their chapter 13 plan of reorganization on May 17, 2012.

---

[1]Also pending before the court is an objection to confirmation of the debtors' chapter 13 plan of reorganization filed by KS Bank. Pursuant to the court's ruling in open court and KS Bank's contemporaneous withdrawal of their objection, the court will not address the objection.

KS Bank has filed numerous proofs of claim in the debtors' case,[2] which arise from promissory notes executed by the debtors in favor of KS Bank. These promissory notes are secured by deeds of trust on various parcels of the debtors' real property located in Johnston County, North Carolina.

On July 20, 2012, KS Bank filed a motion seeking entry of an order requiring the debtors to appear on August 20, 2012, for examination, pursuant to Fed. R. Bankr. P. 2004.[3] Prior to filing its motion, KS Bank conferred with debtors' counsel, who advised that the debtors consented to appear for the examination. On July 27, 2012, the court entered an order granting KS Bank's motion.

On August 7, 2012 and prior to any motion for confirmation of the debtors' proposed chapter 13 plan by the trustee, KS Bank filed an objection to confirmation. After medical issues prevented the male debtor from attending the scheduled examination on August 20, 2012, the parties agreed to reschedule to a later date, September 12, 2012. This agreement was memorialized in KS Bank's August 27, 2012 motion for order rescheduling the examination, which was subsequently granted by the court on August 31, 2012.

On September 12, 2012, the debtors appeared for the rescheduled Fed. R. Bankr. P. 2004 examination. Although the examination commenced, it was subsequently adjourned because the debtors failed to produce the items and documents requested by KS Bank, despite testifying that they have possession or access to most of the requested material. This failure left KS Bank unable to

---

[2]KS Bank has filed the following proofs of claim in the debtors' case: Claim Nos. 4-5, 16-20, and 22-27.

[3]On July 24, 2012, KS Bank amended its motion to request, in addition to appearing for the examination, the debtors produce fifteen (15) items or documents at the scheduled examination.

effectively examine the debtors and forced the examination to be reconvened after the debtors produced the requested documents and items.

On October 1, 2012 (following the debtors attendance at the rescheduled examination on September 12, 2012), the debtors filed the motion to quash the Fed. R. Bankr. P. 2004 examination presently before the court.  Relying on this court's decision in In re Job P. Wyatt & Sons' Co., No. 11-02664, 2011 WL 5909534 (Bankr. E.D.N.C. July 14, 2011) and citing KS Bank's objection to confirmation of their plan, the debtors contend that the formal rules of discovery contained in Fed. R. Bankr. P. 7026 et. seq., not the procedures in Fed. R. Bankr. P. 2004, are the appropriate method of obtaining discovery related to a contested matter.

Rule 2004 of the Federal Rules of Bankruptcy Procedure states, "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).  However, the scope of any examination is limited "to the acts, conduct, property or liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr.P. 2004(b).  The official comment to Fed. R. Bankr. P. 2004 and well-settled case law recognize that "once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 et seq., rather than by a Rule 2004 examination." In re Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y.1996); see Job P. Wyatt & Sons' Co., 2011 WL 5909534, at *1-2 ("[W]hen a contested matter or adversary proceeding is pending, Rule 2004 should not be used, but rather, the various discovery provisions of the Federal Rules of Civil Procedure should apply." (citation omitted)). Under the Federal Rules of Bankruptcy Procedure, the filing of an objection to confirmation of a debtor's chapter 13 plan gives rise to a contested matter. Fed R. Bankr. P. 3015(f)  (providing that

3

"[a]n objection to *confirmation* is governed by Rule 9014[and 7026, et seq.]." (emphasis added)).

The chronology of events and the debtors' behavior are critical to the resolution of the motion to quash. Over a month prior to filing its objection to confirmation, KS Bank sought an order under Fed. R. Bankr. P. 2004. KS Bank's objection to confirmation was also precatory, as it was filed prior to the filing of a motion for confirmation by the trustee. Despite the debtors' argument to the contrary, KS Bank's objection to confirmation did not give rise to a contested matter because the purported objection to confirmation was made prior to any motion by the trustee seeking confirmation of the debtors' proposed plan. Thus, neither an adversary proceeding nor a contested matter was commenced or pending when KS Bank sought a Fed. R. Bankr. P. 2004 order.

Alternatively, the debtors' vehement objection to the Fed. R. Bankr. P. 2004 examinations by KS Bank is compromised by their prior acquiescence and unexplained failure to object to the appropriateness of the Fed. R. Bankr. P. 2004 examination. Unlike Job P. Wyatt & Sons' Company, the debtors failed to raise any objection to KS Bank's motion for a Fed. R. Bankr. P. 2004 examination until filing their motion to quash. See, e.g., Job P. Wyatt & Sons' Co., 2011 WL 5909534, at *1 (emphasizing that Paragon, the party required to appear for examination and produce documents, did not acquiesce because it filed an objection to the debtor-in-possession's motion seeking an order under Fed. R. Bankr. P. 2004). Despite having numerous opportunities, the debtors failed to voice their opposition or insist on proceeding under the formal discovery devices under the Federal Rules of Civil Procedure. Therefore, the debtors waived any procedural objection they may have had by actually commencing the rescheduled examination on September 12, 2012.

Based on the foregoing and pursuant to its prior ruling at the hearing, the debtors' motion to quash is **DENIED.** The parties will have twenty (20) days from the date of the hearing,

December 5, 2012, to reschedule the debtors' Fed. R. Bankr. P. 2004 examination.  Upon

rescheduling, the debtors are directed to submit for the examination and produce or permit

inspection and copying of all the non-privileged documents and items requested by KS Bank.

**END OF DOCUMENT**